Docket Nos. 104077, 104445 cons.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT PATRICK, Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EZEKIEL PHILLIPS, Appellant.

*Opinion filed January 23, 2009.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Garman, and Karmeier concurred in the judgment and opinion.

Justice Burke concurred in part and dissented in part, with opinion, joined by Justice Freeman.

## OPINION

In these consolidated appeals, we consider whether a trial court may defer ruling on a motion *in limine* to exclude a defendant's prior convictions from use as impeachment until after a defendant's testimony. On appeal, Patrick claimed that the trial court erred in delaying its ruling on his motion *in limine* and that the jury instructions were erroneous. The appellate court held that Patrick was not prejudiced by the trial court's delay in ruling on his motion *in limine* and that the jury instructions were proper. No. 1–04–1895 (unpublished order under Supreme Court Rule 23).

In a separate appeal, defendant Phillips argued that the trial court erred in delaying its ruling on his motion *in limine* and that he was not given proper *in absentia* admonishments. In *Phillips*, the appellate court found the trial court abused its discretion in refusing to rule on the admissibility of prior convictions until after Phillips' testimony, but declined further review of the error because Phillips did not testify. 371 Ill. App. 3d 948.

We granted defendants leave to appeal (210 Ill. 2d R. 315) and consolidated the cases. We now reverse *Patrick* and remand for a new trial, and remand *Phillips* to the appellate court.


## I. BACKGROUND
### A. Robert Patrick

Patrick was charged by indictment with multiple counts of first degree murder (720 ILCS 5/9–1(a)(1), (a)(2) (West 2000)), attempted first degree murder (720 ILCS 5/8–4, 9–1 (West 2000)), and aggravated discharge of a firearm (720 ILCS 5/24–1.2(a)(2) (West 2000)). Patrick was only tried on the first degree murder counts.

Before trial, Patrick filed a motion *in limine* seeking to bar the State from introducing evidence of his prior convictions for purposes of impeachment. The trial judge refused to rule on the motion *in limine* prior to defendant testifying, stating he does not give advisory opinions.

Before Patrick's testimony, defense counsel again requested the judge rule on the motion *in limine* to bar the State's use of Patrick's prior convictions, but the trial judge refused to make the ruling until after Patrick's testimony. The trial judge stated his procedure was not to make such rulings until after the defendant's testimony. The trial judge further stated: "I do this [in] every single case. I do not give advisory opinions. *** I don't make an exception for anybody." Patrick testified, and his testimony was impeached with three prior convictions for possession of a controlled substance.

At trial, the court gave the jury defendant's tendered Illinois Pattern Jury Instructions, Criminal, Nos. 7.06X and No. 26.01I (4th ed. 2000) (hereinafter IPI Criminal 4th), the instructions used for first degree murder, second degree murder, and involuntary manslaughter. The instructions direct a jury that it must acquit the defendant of first

-2-

degree murder before it may consider the lesser-included offense of involuntary manslaughter. Patrick did not object to these instructions at trial and did not raise the issue in his posttrial motion. The jury found Patrick guilty of second degree murder.

On direct appeal, Patrick argued that the trial court erred in refusing to rule on his motion *in limine* seeking to bar the State from using his prior convictions for impeachment until after Patrick's testimony and that IPI Criminal 4th Nos. 7.06X and 26.01I were erroneous. The appellate court affirmed, holding that Patrick was not prejudiced by the trial court's delay in ruling on his motion *in limine* and that the jury was fully and fairly instructed on the offenses. No. 1–04–1895 (unpublished order under Supreme Court Rule 23).

### B. Ezekiel Phillips

Phillips was charged by indictment with attempted first degree murder (720 ILCS 5/8–4, 9–1 (West 2000)), armed violence (720 ILCS 5/33A–2(a) (West 2000)), and three counts of aggravated battery (720 ILCS 5/12–4(A), (B)(1), (B)(8) (West 2000)).

At trial, defense counsel asked the trial court to determine the admissibility of prior convictions if Phillips should choose to testify.[1] The trial judge granted the motion *in limine* in part and determined that one of Phillips' convictions would be excluded, but stated he could not determine whether three other convictions (armed violence, aggravated battery, and manufacture or delivery of a controlled substance) were more probative than prejudicial until he heard Phillips' testimony. Based on the trial judge's ruling, Phillips chose not to testify.

The jury returned a verdict of not guilty of attempted first degree murder, but guilty of armed violence and aggravated battery. On appeal, Phillips argued the trial court abused its discretion in refusing to rule on his motion *in limine* and also contended that the trial court erred in sentencing him *in absentia* after failing to admonish him of that possibility. In affirming Phillips' conviction, the appellate court found the trial court abused its discretion in delaying its ruling on the

---

[1]Phillips apparently earlier filed a motion *in limine*, and the trial court refused to rule on it, but the motion and order were not included in the record.

motion *in limine*, but declined further review of the issue because Phillips did not testify. The appellate court vacated Phillips' sentences, however, and remanded for a new sentencing hearing, finding the record did not reflect Phillips was admonished that he could be sentenced *in absentia*. 371 Ill. App. 3d 948.

## II. ANALYSIS

Before this court, Patrick and Phillips argue that the trial courts erroneously deferred ruling on their motions *in limine* to exclude prior convictions from use as impeachment until after their testimony. "Generally, evidentiary motions, such as motions *in limine*, are directed to the trial court's discretion, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion." *People v. Harvey*, 211 Ill. 2d 368, 392 (2004). "An abuse of discretion will be found only where the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Hall*, 195 Ill. 2d 1, 20 (2000).

In *People v. Montgomery*, 47 Ill. 2d 510, 517 (1971), this court held that prior convictions must be excluded if the trial court determines that the probative value is outweighed by the danger of unfair prejudice. In *Montgomery*, this court adopted then-proposed Federal Rule of Evidence 609 as a guide for trial courts in deciding whether a defendant's prior convictions should be admitted to impeach credibility. *Montgomery*, 47 Ill. 2d at 519. Under the "*Montgomery* rule," evidence of a witness' prior conviction is admissible to attack the witness' credibility when: (1) the prior crime was punishable by death or imprisonment in excess of one year, or involved dishonesty or false statements, regardless of punishment, (2) less than 10 years has elapsed since the date of conviction of the prior crime or release of the witness from confinement, whichever is later, and (3) the probative value of admitting the prior conviction outweighs the danger of unfair prejudice. *Montgomery*, 47 Ill. 2d at 516-17.

Nothing in *Montgomery* suggests the proper time for ruling on the admissibility of a prior conviction. This court has, however, permitted the filing of motions *in limine* to determine whether the State may

impeach a testifying defendant with his prior conviction. See *People v. Williams*, 161 Ill. 2d 1, 33-34 (1994); *People v. Spates*, 77 Ill. 2d 193, 200-05 (1979). Nevertheless, this court has not addressed whether a trial court abuses its discretion by delaying its ruling on the admissibility of prior convictions until after the defendant's testimony.

A criminal defendant's right to testify on his own behalf, or not to testify at all, is rooted in the fifth, sixth, and fourteenth amendments of the United States Constitution. *Rock v. Arkansas*, 483 U.S. 44, 51-53, 97 L. Ed. 2d 37, 46-47, 107 S. Ct. 2704, 2708-09 (1987). A defendant's decision whether to testify is an important tactical determination. *Brooks v. Tennessee*, 406 U.S. 605, 612, 32 L. Ed. 2d 358, 364, 92 S. Ct. 1891, 1895 (1972). A defendant who chooses to testify faces serious risks of impeachment and may open the door to otherwise inadmissible evidence. *Brooks*, 406 U.S. at 609, 32 L. Ed. 2d at 362, 92 S. Ct. at 1893. The decision to testify ultimately belongs to the defendant but is generally made after consultation with counsel. *People v. Medina*, 221 Ill. 2d 394, 403 (2006). Making the important decision to testify without an opportunity to evaluate the actual strength of the State's evidence restricts the defense in planning its case. *Brooks*, 406 U.S. at 612, 32 L. Ed. 2d at 364, 92 S. Ct. at 1895.

Obviously, defendants benefit from rulings on the admissibility of their prior convictions made before they decide to testify. First, early rulings provide defendants with the information necessary to make the critical decision whether to testify on their own behalf and to gauge the strength of their testimony. See *People v. Averett*, 381 Ill. App. 3d 1001 (2008). Second, early rulings permit defendants and defense counsel to make reasoned tactical decisions in planning the defense by: (1) informing the jury whether the defendant will testify; (2) portraying the defendant in a light consistent with prior convictions being admitted or not admitted; and (3) anticipatorily disclosing prior convictions during the defendant's direct examination, thereby reducing the prejudicial effect. See *Williams*, 161 Ill. 2d at 35.

Our appellate court has recognized the need for early rulings on motions addressing the admissibility of prior convictions. In *People v. Rose*, 75 Ill. App. 3d 45, 52 (1979), the appellate court noted that

the defendant's motion contained sufficient information for the trial court to make a ruling. Similarly, the decision in *People v. Owen*, 299 Ill. App. 3d 818, 824 (1998), acknowledged the obvious benefit to defendants of having a ruling on the admissibility of prior convictions. The court in *People v. Ballard*, 346 Ill. App. 3d 532, 544-45 (2004), also concluded that a trial court should rule on a defendant's motion *in limine* on an uncomplicated evidentiary issue when the prejudicial effect is obvious and noted it was unclear what more the trial court needed to make a ruling. In *Phillips*, the appellate court stated:

> "We cannot fathom what more the judge needed in order to conduct the balancing test and rule on the admissibility of the prior convictions. The defendant was deprived of the information he needed to make an informed and intelligent decision about whether to testify." 371 Ill. App. 3d at 952.

Recently, the appellate court in *Averett* also concluded that the trial court had all the information needed to conduct the *Montgomery* balancing test and rule on a motion *in limine* seeking to bar prior convictions, stating:

> "Courts should not adopt such a blanket policy but, rather, should engage in the *Montgomery* balancing test on a case-by-case basis, giving thoughtful consideration to each factor. It is a matter of simple fairness that courts should rule on such motions as soon as is practicable." *Averett*, 381 Ill. App. 3d at 1019.

In addition, other jurisdictions examining the issue before this court have found error in not ruling on the admissibility of a defendant's prior convictions until after a defendant's testimony. See *Settles v. State*, 584 So. 2d 1260 (Miss. 1991); *State v. Ritchie*, 144 Vt. 121, 473 A.2d 1164 (1984); *State v. McClure*, 298 Or. 336, 692 P.2d 579 (1984). These cases determined that a trial court should rule on a defendant's motion to bar prior convictions before the defendant testifies unless there is some unique or compelling reason to delay the ruling.

In *Settles*, the Mississippi Supreme Court held that a trial court abuses its discretion in refusing to consider the admissibility of a prior criminal conviction for impeachment purposes when the court

has all the information necessary to determine the issue before the defendant testifies. *Settles*, 584 So. 2d at 1265. The court noted that some convictions are excludable for reasons that do not require a balancing: (1) the nature of a defendant's testimony may usually be anticipated, and (2) "those convictions that have the highest potential for prejudice are equally apparent." *Settles*, 584 So. 2d at 1263-64. The court reasoned:

> "The dangerous convictions are for crimes which are substantially similar to the crime charged and those which, while not similar, have limited application to the issue of credibility but enormous potential for overwhelming the relevant facts of the crime charged. A convicted sex offender, for example, may suffer substantially from that fact in a shoplifting prosecution." *Settles*, 584 So. 2d at 1264.

In *Ritchie*, the Supreme Court of Vermont held that a trial court committed error in failing to rule on the defendant's motion to exclude evidence of prior convictions. *Ritchie*, 144 Vt. at 123, 473 A.2d at 1165. The court reasoned:

> "[D]eferring decision on a pretrial motion to exclude evidence of a prior conviction is prejudicial to the defendant because it leaves the defendant 'without a basis on which to decide whether [to] bring the prior conviction to the attention to the prospective jurors on voir dire.' [Citation.] *** '[W]here the defendant requests a ruling which will affect defense strategy from the very inception of the trial, and where there is no apparent reason to postpone the determination of the motion other than the desire to avoid a difficult issue, *** the trial court should rule and the defendant should be entitled to rely on that ruling.' [Citation.]" *Ritchie*, 144 Vt. at 123, 473 A.2d at 1165.

Similarly, in *McClure*, the Oregon Supreme Court opined that trial courts should rule on the admissibility of prior crimes "as soon as possible after the issue is raised." *McClure*, 298 Or. at 340, 692 P.2d at 583. The court recognized:

> "It is only after a ruling on the admissibility of a conviction that the prosecutor and defense counsel can make an informed decision how to effectively try the case. The decision has a

significant impact on what questions to ask the jurors during voir dire, what to say in opening statements and the questioning of witnesses. Whether the defendant takes the stand changes the entire complexion of the case." *McClure*, 298 Or. at 340, 692 P.2d at 583.

The court concluded: "[i]t is not realistic or necessary for a defendant to have to wait until he is on the stand to find out whether he will be impeached with prior crime evidence." *McClure*, 298 Or. at 341, 692 P.2d at 583. Under certain circumstances, the court recognized, the trial court may defer ruling until the defendant testifies, but this should be the rare occasion. *McClure*, 298 Or. at 341, 692 P.2d at 583.

We agree with the comments of our appellate court and the courts of our sister states recognizing defendants' need for an early ruling and acknowledging that, in most cases, the trial judge will possess the information necessary to conduct a *Montgomery* hearing before trial. We conclude that a trial court's failure to rule on a motion *in limine* on the admissibility of prior convictions when it has sufficient information to make a ruling constitutes an abuse of discretion. When applying the *Montgomery* rule before trial, a trial judge will certainly be able to determine whether the prior crime was punishable by death or imprisonment in excess of one year, or involved dishonesty or false statements. Likewise, a trial judge can readily ascertain whether less than 10 years has elapsed since the date of conviction of the prior crime or release of the witness from confinement. Moreover, in all but the most complicated cases, a judge will have enough information before trial to weigh the probative value of admitting the prior conviction against the danger of unfair prejudice to the defendant. See *Settles*, 584 So. 2d at 1263-65; *Ballard*, 346 Ill. App. 3d at 544-45; *Phillips*, 371 Ill. App. 3d at 952. We acknowledge there may be some rare cases when a trial court cannot effectively conduct a *Montgomery* balancing test without hearing the defendant's testimony. But, those rare cases should be the exception, and not the rule.

Thus, in those rare cases, we admonish trial judges that it is essential for appellate review that a sufficient basis be articulated to support a delay in ruling on a motion *in limine* on the admissibility of prior convictions. See *People v. Rivera*, 221 Ill. 2d 481, 508 (2006) ("without an adequate record, consisting of all relevant facts, factual

findings, and articulated legal bases ***, the trial court's rulings may be virtually immune from appellate review").

We now examine whether there was an abuse of the trial court's discretion in either of these cases, as well as other issues raised by the parties.

## A. Robert Patrick

### 1. *Motion in Limine*

In the case of People v. Patrick, the trial judge summarily refused to consider the admissibility of any of Patrick's prior convictions. The trial judge offered absolutely no justification for delaying his ruling on Patrick's motion *in limine*, stating only that his procedure in every case, without exception, was not to give advisory opinions. Here, Patrick merely sought a determination of whether the law as applied to the facts of his case would permit the use of any or all of his prior convictions for impeachment. Patrick was at least entitled to have the trial judge base his decision to defer a determination on the specific facts of his case, and to determine, before the defendant testified if possible, whether any of the convictions would be excluded as a matter of law.

In Patrick's case, the trial judge's blanket refusal in every criminal case to rule on any motions *in limine* seeking to bar introduction of prior convictions until after the defendants testified was arbitrary and without reason. When a trial court's ruling is arbitrary, we will not hesitate to find an abuse of discretion. See *Hall*, 195 Ill. 2d at 20.

In effect, the trial court abused its discretion by refusing to exercise any specific discretion. There is no justification for a trial judge's blanket policy to withhold ruling on all motions *in limine* on the admissibility of prior convictions until after a defendant's testimony. Here, the trial court's refusal to rule was not based on any specific facts. We hold, accordingly, that the court's application of a blanket policy of refusing to rule on all motions *in limine* on the admissibility of prior convictions until after a defendant's testimony amounted to an abuse of discretion.

The State argues that even if the trial court abused its discretion in deferring its decision on the motion *in limine*, Patrick was not prejudiced by the error. In *Chapman v. California*, 386 U.S. 18, 24,

17 L. Ed. 2d 705, 710-11, 87 S. Ct. 824, 828 (1967), the Supreme Court determined that when the error is of a constitutional magnitude, a defendant is entitled to a new trial if the error was not harmless beyond a reasonable doubt.

We cannot say that the trial court's error in Patrick's case was harmless beyond a reasonable doubt. Here, Patrick was unjustifiably required to make a tactical decision without the ability to evaluate the impact it would have on his defense. Patrick's counsel was unable to inform the jury whether Patrick would testify and was anticipatorily unable to disclose Patrick's prior convictions to lessen the prejudicial effect the convictions would have on his credibility. As a result, Patrick was substantially prejudiced.

Patrick's decision whether to testify was critical because he relied on a theory of self-defense. While his testimony was not absolutely necessary because other testimony corroborated his theory of self-defense, knowing whether his prior convictions were going to be used for impeachment was a vital factor that needed to be weighed. If Patrick had known before testifying that his prior convictions were going to be admitted, he may have decided not to testify, or at least he could have informed the jury earlier of the prior convictions to lessen the negative impact.

The impact of the convictions on Patrick's credibility is clear from the State's focused and repeated argument urging the jury not to believe a three-time convicted felon. The jury's verdict of guilty of second degree murder indicates that, to some degree, the jury believed Patrick was justified in his use of force. Applying the *Chapman* standard, we have no doubt that the error in this case was not harmless to Patrick. Accordingly, we believe a new trial is warranted, and we reverse the judgments of the appellate and circuit courts and remand the cause to the trial court.

We note that Patrick has not argued the evidence in this case was insufficient to convict him. Thus, there is no double jeopardy impediment to a new trial. *People v. Wheeler*, 226 Ill. 2d 92, 134 (2007).

### 2. *Jury Instructions*

Patrick also contends that the jury was erroneously given Illinois Pattern Jury Instructions, Criminal, Nos. 7.06X and No. 26.01I (4th ed. 2000), the instructions used for first degree murder, second degree murder, and involuntary manslaughter. These instructions preclude the jury from considering involuntary manslaughter unless it acquits the defendant of first degree murder. Patrick argues that the jury should have considered first degree murder and involuntary manslaughter at the same time. The State counters that: (1) Patrick failed to preserve any objection to the instructions; and (2) the jury instructions given were proper. Patrick admits that he failed to preserve this issue, but asks this court to review the issue under the plain error doctrine.

This court has recognized that "a defendant forfeits review of any putative jury instruction error if the defendant does not object to the instruction or offer an alternative instruction at trial and does not raise the instruction issue in a posttrial motion." *People v. Herron*, 215 Ill. 2d 167, 175 (2005). Here, Patrick forfeited the issue by failing to object to the instructions and failing to raise his claim of error in a posttrial motion.

Moreover, Patrick waived any objection to the jury instructions by proffering the allegedly erroneous instructions to the trial court. Patrick cannot now complain that the instruction he tendered was in error. See *People v. Parker*, 223 Ill. 2d 494, 508 (2006) (a defendant may not directly attack a jury instruction tendered by the defense). We decline to address Patrick's plain-error claim because Patrick invited any error by submitting the jury instruction. See *People v. Carter*, 208 Ill. 2d 309, 319 (2003) ("Under the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error. [Citations.]"). Accordingly, we conclude that Patrick failed to preserve his claim of error in the jury instructions.

## B. Ezekiel Phillips
### 1. *Motion in Limine*

In *Phillips*, the trial judge granted the motion *in limine* in part and determined that one of Phillips' convictions would be excluded but stated he could not determine if three other convictions were more

-11-

probative than prejudicial until he heard Phillips' testimony. Based on the trial judge's ruling, Phillips chose not to testify. The appellate court found the trial court abused its discretion in refusing to rule on the admissibility of prior convictions until after Phillips' testimony but declined further review of the error because Phillips did not testify. 371 Ill. App. 3d 948.

We determine that the issue of the trial court's refusal to rule on Phillips' motion *in limine* seeking to bar the use of prior convictions for impeachment was not preserved for review because Phillips chose not to testify. In *Luce v. United States*, 469 U.S. 38, 41-43, 83 L. Ed. 2d 443, 447-48, 105 S. Ct. 460, 463-64 (1984), the Supreme Court held that a defendant who did not testify at trial was not entitled to a review of the trial court's denial of a motion *in limine* seeking to exclude his prior convictions. The Court reasoned that any possible harm flowing from the trial court's denial of a motion *in limine* to bar impeachment by a prior conviction is wholly speculative absent the defendant's testimony and the prosecution's attempt to impeach the defendant through use of the prior convictions.

This court adopted the *Luce* reasoning in *People v. Whitehead*, 116 Ill. 2d 425 (1987). In *Whitehead*, the trial court denied the defendant's two motions *in limine*, seeking to limit cross-examination of the defendant's psychiatric expert and defendant's admissions made during his treatment concerning prior attacks on young girls. *Whitehead*, 116 Ill. 2d at 442-43. The trial court in *Whitehead* "indicated that the State would be afforded an opportunity to raise the earlier admissions of knife attacks on young girls *depending upon the testimony actually elicited* on direct examination of [the psychiatrist] and the defendant." (Emphasis added.) *Whitehead*, 116 Ill. 2d at 443. The trial court also refused the defendant's offer of proof on the scope of his direct testimony that defendant argued would have allowed the trial court to decide the proper scope of cross-examination *in limine*. *Whitehead*, 116 Ill. 2d at 443. On appeal, the defendant claimed these rulings prompted him to drop his insanity defense and to refuse to take the stand, and he claimed the psychiatrist was not called to testify "because evidence of prior crimes would have been allowed." *Whitehead*, 116 Ill. 2d at 443.

In recognizing the trial court's ruling as conditioned on the direct testimony actually given, we stated:

-12-

"This court should not speculate what the substance of [the psychiatrist's] and the defendant's testimony on direct examination would have been or what the prosecution would have asked during cross-examination ***, and it follows that no decision on the appropriate scope of cross-examination can be had on appeal of this case. Counsel must stand on their objections and call the witnesses, thus opening *the possibility* that an erroneous decision on the scope of examination might occur and require review ***, or forgo calling the witnesses and adopt an alternative strategy. But defense counsel may not have it both ways by altering their trial strategy to make the best of the trial court's order, depriving the reviewing court of a reviewable record, and still maintain that the order was erroneously entered." (Emphasis added.) *Whitehead*, 116 Ill. 2d at 443-44.

Although the trial court declined the defendant's offer to review the substance of the testimony that would have been given on direct examination, this court required defense witnesses and defendant to testify and obtain a definitive ruling before the issue could be properly reviewed on appeal. This court's rationale in *Whitehead* goes beyond the *Luce* rationale and provides this court's independent basis for requiring a defendant to testify and preserve the issue for review. In *People v. Thompkins*, this court also held that a defendant must testify to preserve a ruling on a motion *in limine*. *Thompkins*, 161 Ill. 2d at 193, citing *Luce*, 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460.

In both *Whitehead* and *Phillips*, the defendant could not be certain whether the disputed evidence would be admitted until *after* the direct testimony was given. In both cases, the defendants were making decisions about whether to present direct testimony without knowing if the unwanted evidence would be admitted. Nonetheless, this court ruled in *Whitehead* that defendants must take the risk and present the testimony for the issue to be reviewable. In light of this court's independent rationale in *Whitehead*, there is no basis for the separate opinion's claim that *Luce* and *Thompkins* are inapposite and do not control this case.

Here, Phillips chose not to testify. Accordingly, we hold that Phillips failed to preserve his right to appellate review of this issue.

## 2. *Sentencing Hearing*

The State seeks cross-relief, arguing the appellate court erred in remanding the matter for a new sentencing hearing because "[t]he record [did] not reflect that [the sentencing *in absentia*] admonition was given to the defendant." 371 Ill. App. 3d at 954. The State admits it initially conceded this issue before the appellate court but now informs this court that it found a bond slip in the trial court file (signed by Phillips) that somehow was not included in the record on appeal. The State sought and was granted leave to supplement the record on appeal with this bond form. Phillips did not object. The bond slip warned Phillips of the possibility of trial and sentencing *in absentia*. According to the State, Phillips was properly sentenced *in absentia*, and he waived his right to be read the section 113–4(e) admonishment. Therefore, the State requests we affirm Phillips' sentence.

Here, the appellate court did not have the benefit of the bond slip in the record when it decided this issue. Accordingly, we remand this cause to the appellate court for supplemental briefing and a reexamination of this issue in light of the bond slip that is now part of the record.

## III. CONCLUSION

We hold that the trial court in *Patrick* abused its discretion by arbitrarily delaying its ruling on the motion *in limine* until after Patricks' testimony. We further determine that Patrick failed to preserve the jury instruction issue. Accordingly, we reverse Patricks' conviction and remand to the circuit court for a new trial.

In *Phillips*, we hold that Phillips failed to preserve his right to a review of the trial court's refusal to rule on his motion *in limine* by choosing not to testify. We further remand *Phillips* to the appellate court to reexamine the sentencing *in absentia* issue in light of the bond slip that is now a part of the record on appeal.

*No. 104077–Reversed and remanded.*

*No. 104445–Cause remanded.*

-14-

JUSTICE BURKE, concurring in part and dissenting in part:

The common issue in the two consolidated cases before this court is whether a trial court abuses its discretion when it refuses to rule on a defendant's motion *in limine* to determine what prior convictions may be admitted for impeachment purposes until after the defendant takes the stand and testifies. The majority finds, and I agree, that when a defendant files a motion *in limine* seeking to have his prior convictions excluded for purposes of impeachment, the trial court abuses its discretion when, without justification, it opts to defer ruling on the motion until after the defendant testifies. As the majority recognizes, unwarranted delay in ruling on such motions (1) prevents the defendant from having information necessary for making the "critical decision" about whether to testify and (2) hinders the defendant's ability to make "reasoned tactical decisions" in planning his defense. Slip op. at 5.

I also agree with the majority that, henceforth, trial courts should enter judgment on a defendant's motion *in limine* before the defendant testifies in all but those extremely rare instances where the court "cannot effectively conduct a *Montgomery* balancing test without hearing the defendant's testimony" (slip op. at 8) and, in such cases, trial courts should articulate on the record the basis for the delayed ruling (slip op. at 8). Where I part ways with the majority is in its inconsistent and inequitable application of this new rule to the cases at bar.

In *Patrick*, the defendant was charged with murder for shooting and killing a man at a laundromat. The defendant claimed he shot the victim accidentally, after provocation. Prior to trial, the defendant filed a motion asking the court to exclude, for impeachment purposes, his three prior convictions–all for possession of a controlled substance. The trial court refused to rule on the motion until after defendant testified, at which time the court denied the motion and permitted the State to impeach defendant's credibility with the three prior convictions.

The majority finds, with regard to *Patrick*, that the trial court abused its discretion because its only justification for refusing to rule on defendant's motion *in limine* prior to the defendant's testimony was its professed "procedure in every case, without exception *** not to give advisory opinions." Slip op. at 9. Moreover, the majority finds

-15-

that, because a trial court's error in failing to rule on such motions *in limine* is of "constitutional magnitude" (slip op. at 9), the error will require reversal unless there is a showing of harmlessness beyond a reasonable doubt. The majority then concludes that the error here does not meet this standard and that defendant was "substantially prejudiced" in that he was "unjustifiably required" to make important tactical decisions, including whether or not he should testify, without the benefit of the court's ruling. Slip op. at 10.

In finding reversible error in *Patrick*, the majority never looks beyond the trial court's error in refusing to rule. In other words, when deciding that the trial court's refusal to rule was error which was not harmless beyond a reasonable doubt, the majority does not engage in the typical harmless-error review–that is, it does not look to see whether the defendant suffered no actual prejudice, either because the trial court's ultimate ruling on the admissibility of the prior convictions was correct, or because the evidence overwhelmingly supported the guilty verdict. Instead, the majority finds, in *Patrick*, that the very fact that the court did not rule prior to defendant testifying was inherently prejudicial and that this prejudice infected the entire proceeding. As the majority explains:

> "Here, Patrick was unjustifiably required to make a tactical decision without the ability to evaluate the impact it would have on his defense. Patrick's counsel was unable to inform the jury whether Patrick would testify and was anticipatorily unable to disclose Patrick's prior convictions to lessen the prejudicial effect the convictions would have on his credibility." Slip op. at 10.

The majority also notes how "critical" is was for Patrick to have the court rule prior to trial because the defendant relied on a theory of self-defense and "knowing whether his prior convictions were going to be used for impeachment was a vital factor that needed to be weighed" in forming his decision about whether to testify. Slip op. at 10.

Despite the majority's finding that the failure to rule on such motions *in limine* is an error of "constitutional magnitude," the majority abandons its harmless beyond a reasonable doubt analysis when reviewing *Phillips*. Citing to *Luce v. United States*, 469 U.S. 38, 41-43, 83 L. Ed. 2d 443, 447-48, 105 S. Ct. 460, 463-64 (1984),

and this court's decisions in *People v. Whitehead*, 116 Ill. 2d 425 (1987), and *People v. Thompkins*, 161 Ill. 2d 148 (1994), the majority holds, "the issue of the trial court's refusal to rule on Phillips' motion *in limine* seeking to bar the use of prior convictions for impeachment was not preserved for review because Phillips chose not to testify." Slip op. at 12. I believe this holding is inconsistent with and contradictory to the majority's own holding just paragraphs earlier with regard to *Patrick* and, therefore, incorrect.

In *Phillips*, the defendant was charged with attempted murder, armed violence, and aggravated battery in relation to a stabbing incident. Here, as in *Patrick*, the defendant raised the defense of self-defense, claiming that the victim initially swung at him with a piece of lumber. As in *Patrick*, the defendant filed a motion *in limine* seeking a ruling on the admissibility of his prior convictions. The trial court excluded one prior conviction, but refused to rule on the admissibility of three other prior convictions–armed violence, aggravated battery, and manufacture or delivery of a controlled substance.

Here, as in *Patrick*, the trial court's refusal to rule on the motion *in limine* prior to defendant testifying was an abuse of discretion. As the appellate court noted, not only did the trial court refuse to rule prior to trial, it refused to rule even when defendant renewed his *in limine* motion after the State finished presenting its evidence and after defendant's other witnesses had testified. The appellate court stated, "this court does not understand what more the trial court needed to make its ruling." *Phillips*, 371 Ill. App. 3d 952.

Moreover, under the court's own reasoning in *Patrick*, the error cannot be harmless beyond a reasonable doubt because Phillips, like Patrick, was forced to make a critical decision–whether to testify–without the benefit of information vital to that decisionmaking process. Unsure what prior convictions the court would let in, the defendant could not determine what impact the exercise of his right to testify would have on his defense. Although Phillips chose not to testify, he could not have made a knowing and intelligent waiver of his constitutional right to testify because he did not know which, if any, of his prior convictions would be used for impeachment. Further, here, as in *Patrick*, a ruling by the trial court on the motion *in limine* was vital because defendant raised a defense of self-defense, a

defense that is generally better received by the jury when the defendant testifies.

If, as the majority holds in relation to *Patrick*, a defendant suffers "substantial prejudice" as a result of the trial court's refusal to decide, prior to defendant testifying, which of the defendant's prior convictions will be admitted for impeachment, we must find that Phillips suffered the same "substantial prejudice" that Patrick suffered. In addition, because the majority has just held in relation to *Patrick* that the trial court's refusal to rule is an error of constitutional dimension and that substantial prejudice stems from the fact that a defendant in this position is unable to make a knowing and intelligent decision about *whether* to testify, it cannot be said that the error in *Phillips* was harmless beyond a reasonable doubt. Under the majority's own analysis in *Patrick*, the fact that Phillips did not testify cannot be part of the calculus in any way. Because Phillips suffered the same prejudice as Patrick, even though he did not testify, the disparate treatment of the two defendants before this court is not logical or equitable.

As noted above, in support of its determination that Philips failed to preserve for review the trial court's error in failing to rule on the motion *in limine*, the majority cites *Luce*, *Whitehead* and *Thompkins*. I find these cases to be distinguishable.

In *Luce* the Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction [under Rule 609(a) of the Federal Rules of Evidence], a defendant must testify." *Luce v. United States*, 469 U.S. 38, 43, 83 L. Ed. 2d 443, 448, 105 S. Ct. 460, 464 (1984). In reaching this determination, the Court reasoned that a decision under Rule 609(a) is a preliminary ruling on a question "not reaching constitutional dimensions." *Luce*, 469 U.S. at 43, 83 L. Ed. 2d at 448, 105 S. Ct. at 464. The Court further explained that a defendant must testify to preserve his right to appeal because, without a complete record, a reviewing court is handicapped in its efforts to evaluate the propriety of the lower court's balancing of the probative value of the prior conviction against its prejudicial effect. The Court also noted:

> "Even if these difficulties could be surmounted, the reviewing court would still face the question of harmless error. See generally *United States v. Hasting*, 461 U.S. 499 (1983). ***

> Requiring that a defendant testify in order to preserve Rule 609(a) claims will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole." *Luce*, 469 U.S. at 44, 83 L. Ed. 2d at 449, 105 S. Ct. at 465.

Clearly, *Luce* addressed a different issue from the one before us here. *Luce* addressed the propriety of reviewing a trial court's ruling on the admissibility of prior convictions for impeachment purposes when the defendant chooses not to testify. *Luce* never considered whether it was error for a trial court to *refuse* to make an admissibility determination unless the defendant decided to testify.

More importantly, the rationale employed by *Luce* to support its ruling that a defendant must testify to preserve his appeal is not applicable here based on the majority's own findings in this same opinion with regard to *Patrick*. As noted above, the *Luce* Court believed that the propriety of a court's Rule 609(a) preliminary ruling was not a question of constitutional dimension, whereas the majority here holds that the error involved in the cases at bar is one of constitutional dimension. Further, the majority holds in relation to *Patrick* that the error is not harmless beyond a reasonable doubt simply because the defendant could not have made a knowing and intelligent waiver of his right to testify. The Court in *Luce*, however, held that it was necessary for a defendant to testify to preserve his right to appeal so that there would be a record which a reviewing court could use to determine whether the trial court's ruling on the admission of prior convictions, if error, was harmless when compared to the weight of the evidence. The majority, in relation to *Patrick*, never engages in this type of harmless-error review–it never weighs the harm against the weight of the evidence.

*Whitehead* and *Thompkins* are similarly inapposite. In both cases, rulings were entered on the defendants' motions *in limine* prior to trial. In *Whitehead*, the defendant filed two motions *in limine*–one to prevent the State from cross-examining defendant's expert witness with regard to admissions defendant had made when he underwent psychiatric evaluation during an earlier prosecution; the other to prevent the State from impeaching the defendant with those same admissions. Both motions were denied. The trial court held that the earlier admissions could be raised, but made no specific ruling about

the extent of inquiry that would be permitted. *Whitehead*, 116 Ill. 2d at 442-43. The trial court declined the defendant's invitation to delineate, prior to trial, the appropriate *scope* of cross-examination, finding it would depend on what the defendant and his witness testified. *Whitehead*, 116 Ill. 2d at 442-43. As a result of the trial court's rulings, neither the defendant nor his expert witness took the stand. On review, this court, applying the "logic of *Luce*," ruled that no decision could be made regarding the appropriate scope of cross-examination because defendant's decision not to testify and to withhold the testimony of his expert witness deprived the reviewing court of a reviewable record.

In *Thompkins*, the defendant, in a postconviction petition, sought review of the trial court's unfavorable ruling on defendant's motion *in limine* to preclude his impeachment with prior convictions. In a two-sentence paragraph, we declined to address the claim, finding it waived because it could have been raised on direct appeal, and then noting as an aside that, pursuant to *Luce*, defendant's failure to testify at trial would have meant that the issue would have been waived even on direct appeal. *Thompkins*, 161 Ill. 2d at 193.

In these cases which the majority relies on, the defendant obtained a ruling on his motion *in limine*–something that the defendants in the consolidated cases before this court did not receive. They are distinguishable on that basis. However, even if they were not distinguishable, they are overruled by the majority's own judgment in relation to *Patrick*. While this court may have adopted the logic of *Luce* in *Whitehead* and *Thompkins*, the majority, by its decision in regard to *Patrick*, has now limited the *Luce* rationale to situations in which the defendant has obtained a ruling on his motion *in limine* and, thus, any error in the trial court's exercise of discretion is not of constitutional dimension.

In sum, I agree with the majority that requiring a defendant to testify before he can obtain a ruling on his motion *in limine* to decide the admissibility of prior convictions for impeachment purposes results in substantial prejudice to the defendant. As the majority holds in relation to *Patrick*, this prejudice stems from the defendant's lack of "vital information" which prevents him from making a knowing and intelligent decision about *whether* to testify and hinders his ability to make tactical decisions about how to present his defense.

-20-

Accordingly, the prejudice such defendants suffer prevents them from receiving a fair trial and, therefore, is not harmless, whether or not they choose to testify.

## CONCLUSION

I agree with the majority that a defendant is substantially prejudiced when a trial court refuses to rule, prior to trial, on a defendant's motion *in limine* to determine what prior convictions are admissible for impeachment purposes. Because the prejudice stems from the lack of information, which prevents the defendant from making a knowing and intelligent decision about whether to testify, the trial court's error is of constitutional dimension and cannot be deemed harmless. Accordingly, I cannot agree with the majority's inconsistent and inequitable holding that a defendant who does not testify does not preserve the error.

For the above reasons, I concur in the majority's resolution of the appeal in *Patrick*, but respectfully dissent from the majority's resolution of the appeal in *Phillips*.

JUSTICE FREEMAN joins in this partial concurrence and partial dissent.