THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VICTOR HERNANDEZ, Defendant-Appellant.

First District (3rd Division)   No. 1—06—3674

Opinion filed September 23, 2009.

Michael J. Pelletier and Heidi Linn Lambros, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald and Mari R. Hatzenbuehler, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINN delivered the opinion of the court:

Following a jury trial, defendant Victor Hernandez was convicted of burglary and, based on his criminal background, sentenced to a Class X term of six years in prison. On appeal, defendant contends that the trial court violated his constitutional rights by refusing to rule on his motion to bar the introduction of his prior convictions until after he decided whether to testify. Defendant further contends that the trial court erred in allowing him to be impeached with his two prior burglary convictions because their prejudicial effect far outweighed their probative value as to his veracity. Finally, defendant contends that the trial court erred in refusing to allow him to testify in surrebuttal regarding the circumstances of his prior convictions.[1] We reverse and remand for a new trial.

Defendant's conviction arose from the attempted theft of a refrigeration gauge from the Chicago garage of Julio Larez. Prior to trial, defendant made a motion *in limine* to bar the use of his two prior burglary convictions as impeachment evidence in the event that he testified. The trial court refused to rule on the motion, stating that its policy was to follow case law which held that such determinations are properly made after the defendant has testified. Defense counsel asked whether the trial court would rule on the admissibility of the prior convictions following his substantive testimony, so that defense counsel could "front" his background to the jury prior to cross-examination. The trial court denied the request.

At trial, Julio Larez testified that on December 15, 2005, he arrived home from work about 4 p.m. and parked in the detached garage behind his house. Around 20 minutes after he went into the house, his wife told him that someone was in the garage. Larez looked outside and saw a man coming out of the side door of his garage holding a refrigeration gauge. Larez yelled at the man, who turned and looked, allowing Larez to see his face. In court, Larez identified the man as defendant. Defendant ran, attempted to jump the neighbor's fence but fell, continued into the alley, and dropped Larez's refrigeration gauge.

---

[1]We have withdrawn our original decision in this case, dated November 10, 2008, pursuant to our supreme court's supervisory order directing us to vacate the order and reconsider in light of *People v. Patrick*, 233 Ill. 2d 62 (2009). *People v. Hernandez*, 231 Ill. 2d 642 (2009).

Larez chased defendant for some distance, grabbed him, held him, and called the police on his cell phone. After the police arrested defendant, Larez and the police found a gauge in the alley that Larez identified as the one missing from his garage.

Chicago police officer Iverles Mathews testified that after defendant was arrested, he drove defendant down the alley to Larez's address. In the alley "just west" of Larez's garage, the police found a bicycle. At defendant's request, they put the bicycle in their trunk so that his wife could pick it up at the police station.

Defendant's wife, Martha Fonseca, testified that on the day in question, she and defendant were grocery shopping. Defendant had taken his bicycle to the store. After telling Fonseca he was going home to use the bathroom, defendant left the store. Fonseca testified that when defendant did not return for a very long time, she called her children and learned that defendant had been arrested.

Defendant testified that while he was at the grocery store with his wife, his stomach hurt, so he decided to ride his bicycle home to use the bathroom. Defendant testified that he rode home through the alleys to avoid gang members. As he was riding through an alley, Larez came up to him screaming. Defendant slowed down to ask what was the problem, and Larez accused him of being in his garage and stealing from him. Defendant testified that he and Larez argued, Larez hit him, and a friend of Larez's hit him. When the police arrived, they put defendant's bicycle in their trunk and arrested him. Defendant denied ever going into Larez's garage and denied taking a refrigeration gauge.

After the defense rested, the State sought to have defendant's two prior burglary convictions entered into evidence in rebuttal as impeachment of defendant's credibility. Defendant objected, arguing that because the prior convictions were for the same crime as the one charged, the evidence was far too prejudicial. The trial court allowed the admission of the prior convictions. In making its decision, the trial court stated that it was to perform a balancing test to determine whether the probative value of the convictions was outweighed by their prejudicial effect. Among other things, the trial court stated that the jury had heard defendant portray himself "as a law-abiding citizen, a working man, a carpenter," who was assisting his wife in domestic chores when interrupted by a "call to nature," but that the jury did not have the "entire picture," which was that defendant's efforts to be a law-abiding citizen fell short twice before. The court concluded that the prior convictions weighed heavily in a probative nature "in showing the true nature of [defendant] as far as his credibility is concerned."

Thereafter, the State entered into evidence two certified copies of conviction reflecting that defendant was convicted of burglary in 1999 and in 2002. Defense counsel asked for a sidebar, during which he asked that defendant be allowed to testify in surrebuttal that he had pleaded guilty in the two prior cases because he actually committed those crimes, but did not plead guilty in the instant case because he had not committed the charged burglary. The trial court denied the request, stating, "I don't think it is relevant."

The jury found defendant guilty of burglary and the trial court entered judgment on the verdict. Based on defendant's background, the court imposed a minimum Class X term of imprisonment of six years.

Defendant's first contention on appeal is that the trial court violated his constitutional right to testify and his due process right to the guiding hand of counsel when it refused to rule on his motion *in limine* to bar the introduction of his prior convictions until after he decided whether to testify. Defendant argues that the trial court did not base its refusal on the facts of the case and did not use its discretion but, instead, improperly relied on a "policy" of delaying the decision until after the defendant had testified. Defendant asserts that the trial court had sufficient information to make a ruling on the motion prior to hearing his testimony. Defendant further argues that given the importance of his credibility in this case, he was denied the information he needed to make an informed and intelligent decision whether to testify and therefore suffered prejudice.

Pursuant to our supreme court's decision in *People v. Montgomery*, 47 Ill. 2d 510, 516 (1971), the credibility of a witness may be impeached by a prior conviction if (1) the prior conviction was punishable by death or imprisonment in excess of one year, or the crime involved dishonesty or a false statement; and (2) the date of conviction or release of the witness from confinement, whichever is later, is no more than 10 years before trial. When these conditions are met, the trial court, using its discretion, must weigh the probative value of admitting the prior conviction against the danger of unfair prejudice. *Montgomery*, 47 Ill. 2d at 517.

The issue of the appropriate time for ruling on a prior conviction's admissibility—a topic not discussed in *Montgomery*—was recently addressed by our supreme court in *People v. Patrick*, 233 Ill. 2d 62 (2009). In *Patrick*, the court held that "a trial court's failure to rule on a motion *in limine* on the admissibility of prior convictions when it has sufficient information to make a ruling constitutes an abuse of discretion." *Patrick*, 233 Ill. 2d at 73. The *Patrick* court noted that in "all but the most complicated cases," the trial court will possess sufficient

information before trial begins to be able to weigh the probative value of admitting a prior conviction against the danger of unfair prejudice to the defendant. *Patrick*, 233 Ill. 2d at 73. The trial court in *Patrick*, according to the supreme court, had abused its discretion by summarily refusing to exercise any specific discretion in deciding when to make its ruling. *Patrick*, 233 Ill. 2d at 74. As explained by the court, "There is no justification for a trial judge's blanket policy to withhold ruling on all motions *in limine* on the admissibility of prior convictions until after a defendant's testimony." *Patrick*, 233 Ill. 2d at 74.

As in *Patrick*, the trial court's ruling in the instant case was not based on any specific facts. Instead, the trial court specifically stated that it had adopted a "policy" of deferring ruling on motions *in limine* to preclude evidence of prior convictions until after hearing the defendant's testimony. We cannot say that this case presented the trial court with the rare situation where it lacked sufficient information to conduct an effective *Montgomery* balancing test without first hearing the defendant's testimony. See *Patrick*, 233 Ill. 2d at 73. Rather, we find that enough information existed before trial for the trial court to be able to weigh the probative value of admitting evidence of defendant's prior convictions against the danger of unfair prejudice. See *Patrick*, 233 Ill. 2d at 73; see also *People v. Hogan*, 388 Ill. App. 3d 885, 892 (2009) (applying *Patrick*). Accordingly, the trial court's refusal to decide defendant's motion *in limine* before he testified was an abuse of discretion.

In anticipation of our finding of an abuse of discretion, the State argues that defendant was not prejudiced by any error in the trial court's delayed decision on the motion *in limine* because the deferred ruling did not affect the proceedings in a manner that deprived defendant of a fair trial. The State asserts that defendant was going to testify regardless of whether his prior convictions could be used to impeach his credibility, that defendant failed to show that the trial court would have ruled differently had it not deferred its ruling, and that any error was harmless, as the evidence of defendant's guilt was overwhelming.

In *Patrick*, our supreme court discussed the ways in which defendants, in general, benefit from knowing whether their prior convictions will be admitted before they make the decision to testify. *Patrick*, 233 Ill. 2d at 70. First, the court observed that "early rulings provide defendants with the information necessary to make the critical decision whether to testify on their own behalf and to gauge the strength of their testimony." *Patrick*, 233 Ill. 2d at 70. Second, the court noted that early rulings allow defendants and their attorneys to make reasoned tactical decisions in the course of planning their

defense. *Patrick*, 233 Ill. 2d at 70. These strategic decisions include whether to inform the jury that the defendant will or will not testify, how to portray the defendant in a light consistent with prior convictions being admitted or not admitted, and whether to anticipatorily disclose the prior convictions during direct examination, thereby reducing the prejudicial effect. *Patrick*, 233 Ill. 2d at 70.

The *Patrick* court then considered arguments—similar to those raised in the instant case—made by the State that the defendant at issue was not prejudiced by the trial court's error in deferring ruling on his motion *in limine*. *Patrick*, 233 Ill. 2d at 74-75. The court addressed the issue of prejudice by applying *Chapman v. California*, 386 U.S. 18, 24, 17 L. Ed. 2d 705, 710-11, 87 S. Ct. 824, 828 (1967), in which the United States Supreme Court held that when an error is of a constitutional magnitude, a defendant is entitled to a new trial if the error was not harmless beyond a reasonable doubt. See *Patrick*, 233 Ill. 2d at 75. Employing this test, the *Patrick* court determined that the trial court's error was not harmless beyond a reasonable doubt and that the defendant was substantially prejudiced. *Patrick*, 233 Ill. 2d at 75.

Several factors led the *Patrick* court to its conclusion: (1) the defendant was unjustifiably required to make a tactical decision without the ability to evaluate the impact it would have on his defense; (2) defense counsel was unable to inform the jury whether the defendant would testify and was anticipatorily unable to disclose his prior convictions to lessen the prejudicial effect the convictions would have on his credibility; (3) the defendant's reliance on a theory of self-defense made his decision whether to testify critical; and (4) if the defendant had known before testifying that his prior convictions were going to be admitted, he may have decided not to testify, or at least he could have informed the jury earlier of the prior convictions to lessen the negative impact. *Patrick*, 233 Ill. 2d at 75. The *Patrick* court found that the impact on the defendant's credibility was "clear from the State's focused and repeated argument urging the jury not to believe a three-time convicted felon" and concluded that there was no doubt the error was not harmless. *Patrick*, 233 Ill. 2d at 75-76. In coming to this conclusion, the court noted that the jury must have believed at least part of the defendant's testimony because it found him guilty of second degree murder based on an unreasonable belief in the need for self-defense, rather than first degree murder. *Patrick*, 233 Ill. 2d at 76.

The circumstances of the instant case lead us to the same conclusion reached by the *Patrick* court. Here, the trial court's refusal to rule on defendant's motion to bar the introduction of his prior convictions until after he testified unjustifiably hampered the defense's abil-

ity to make reasonable tactical decisions and evaluate the impact of those choices. Credibility considerations were particularly important in the instant case, since it was, at its core, a credibility contest between Larez and defendant. The trial court recognized that credibility was fundamentally important in this case and that disclosure of defendant's prior convictions would impeach his credibility. This recognition was evidenced by the trial court's comments that defendant had portrayed himself "as a law-abiding citizen, a working man, a carpenter," but that the jury did not have the "entire picture," which was that defendant's efforts to be a law-abiding citizen fell short twice before, and that the prior convictions weighed heavily in a probative nature "in showing the true nature of [defendant] as far as his credibility is concerned."

The trial strategy chosen by defendant and his attorney was for defendant to testify and contradict Larez's version of events. As a result, defendant's credibility was key to his defense. Given the importance of the jury's credibility assessment of defendant, knowing whether his prior convictions were going to be used to impeach his credibility was a vital factor that defendant and his attorney needed to weigh in order to decide whether he would testify. Similar to the defendant in *Patrick*, if defendant had known before trial that his prior convictions were going to be admitted, he may have adopted a different theory of defense and decided not to testify, or he may have informed the jury of the prior convictions early on to lessen the negative impact on his credibility. Applying *Chapman* and *Patrick* to the instant case, we find that the trial court's error in refusing to rule on the motion *in limine* before trial was not harmless to defendant. See *Patrick*, 233 Ill. 2d at 75-76 (applying *Chapman*). Accordingly, we reverse and remand for a new trial.

Given our disposition, we need not address the other contentions raised by defendant in this appeal. Because defendant has not challenged the sufficiency of the evidence to convict, double jeopardy concerns do not preclude a new trial. *Patrick*, 233 Ill. 2d at 76, citing *People v. Wheeler*, 226 Ill. 2d 92, 134 (2007).

Reversed and remanded.

THEIS and COLEMAN, JJ., concur.