# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Melton*, 2013 IL App (1st) 060039

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE MELTON, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-06-0039 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | November 21, 2012<br><br>February 6, 2013<br>February 8, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction for possession of a controlled substance, the appellate court held that the admission of his prior drug conviction for impeachment purposes was not an abuse of discretion, the prosecutor's comments that defendant's conduct was feeding people's addictions and making them do crazy things did not amount to error, his claim to credit for time served in the sheriff's day reporting program was moot, and the trial court's error in waiting to rule on the State's motion *in limine* until after defendant testified was harmless. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 04-CR-18186; the Hon. Marjorie C. Laws, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, Patricia Unsinn, Maria A. Harrigan, and Pamela Rubeo, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, Noah Montague, James E. Fitzgerald, Rimas F. Cernius, and Jennifer Chow, Assistant State's Attorneys, of counsel), for the People. |

| Panel | JUSTICE HOWSE delivered the judgment of the court, with opinion. Justices Palmer and Taylor concurred in the judgment and opinion. |

## OPINION

¶ 1    Following a jury trial, defendant Terrance Melton was convicted of possession of a controlled substance and sentenced to two years' imprisonment. On appeal, defendant contended that: (1) the trial court erred in admitting his prior convictions as impeachment evidence; (2) he is entitled to a new trial because the prosecutor made inflammatory remarks not based in evidence during closing arguments; and (3) his mittimus should be corrected to accurately reflect time served in custody of the sheriff's day reporting program.

¶ 2    We previously affirmed the trial court's judgment in *People v. Melton*, No. 1-06-0039 (Oct. 3, 2008) (unpublished order under Supreme Court Rule 23). Defendant subsequently filed a timely petition for rehearing on October 22, 2008, contending: (1) appellate counsel was ineffective for failing to challenge, prior to defendant's testimony, the trial court's refusal to rule on the State's motion *in limine* concerning the admissibility of defendant's prior conviction; and (2) defendant's constitutional right to testify and his due process right to the guiding hand of counsel were violated by the trial court's decision to decide the motion *in limine* after defendant testified.

¶ 3    In response, we withdrew our prior Rule 23 order filed on October 3, 2008, and, on June 10, 2010, entered a Rule 23 order upon denial of defendant's petition for rehearing. *People v. Melton*, No. 1-06-0039 (2010) (unpublished order under Supreme Court Rule 23). Defendant subsequently filed a petition for leave to appeal; the supreme court denied the petition but issued a supervisory order directing us to reconsider in light of *People v. Mullins*, 242 Ill. 2d 1 (2011). *People v. Melton*, No. 110774 (Sept. 28, 2011). We set a briefing schedule for the parties. We hereby vacate our previous order and affirm the judgment of the

trial court.[1]

BACKGROUND

¶ 5        Prior to trial, the State made a motion *in limine* to introduce defendant's prior conviction for possession of a controlled substance and unlawful use of a weapon for purposes of impeachment if he testified. The court deferred a ruling until after defendant testified.

¶ 6        At trial, the State presented evidence that undercover Chicago police officers arrested defendant after observing him engage in three drug transactions. The officers recovered 26 small baggies containing a substance, later confirmed through forensic testing to be heroin, from a plastic bag defendant stuffed into a fence rail. One of the officers testified that drug buyers were lined up near defendant as though they were at a grocery store. The officer said he was 125 feet away from defendant and saw defendant engage in handing each person in line an object out of a clear plastic bag. The officer saw the people hand defendant United States currency. Defendant had on a distinctive shirt and a hairstyle of long braids.

¶ 7        Defendant testified the police arrested him as he walked down the street and confused him with another person who had been carrying the plastic bag found in the fence rail.

¶ 8        After defendant testified on direct examination, the trial court conducted a hearing on the motion *in limine*. Defense counsel argued that admission of a prior drug-related offense would unduly prejudice defendant because the conviction suggested his propensity to commit the same crime and it did not concern his capacity for truthfulness or the veracity of his testimony. Defense counsel stressed the importance of the balancing test that the court must conduct when determining whether to admit the conviction. The State responded that a conviction for a controlled substance offense would be probative of defendant's credibility because it is reasonable to assume that an individual who obtains drugs does so by "dishonest evasiveness" because the mere possession of drugs violates the law and that the discrepancies with the officer's testimony placed defendant's credibility into issue. The trial court reserved ruling on the motion until hearing defendant's cross-examination testimony.

¶ 9        The court noted the legal authority cited by both parties in their arguments and allowed evidence of the conviction after hearing defendant's cross-examination testimony, finding credibility a central issue. In its finding, the court specifically noted the date of the prior conviction and defendant's age and lengthy criminal record. The court stated to the jury that the conviction could not be used for purposes of establishing a propensity to commit crime.

¶ 10       In the State's closing argument, the prosecutor discussed the housing project where defendant was arrested for selling drugs and societal problems that drugs cause, and stated: "It's disturbing that people like this defendant sell their drugs out in the open to feed the addiction of drugs, make people do crazy things, *** line them up in the streets shamelessly

_____

[1]Justices Joseph Gordon and Robert Cahill participated in this case. Both justices have since died. Justices Palmer and Taylor have replaced them and have reviewed the briefs in this matter.

like you are at the local Jewel [or] Dominick's." At no time did defense counsel object to the prosecutor's references to defendant selling drugs or drug buyers lined up as though in a grocery store.

¶ 11 During defendant's closing argument, defense counsel mentioned the officer's testimony, stating "three buyers, this is [the officer's] testimony, in line as if they were in a grocery store."

¶ 12 The trial court admonished the jury before and after closing arguments, and during jury instructions, not to consider the arguments as evidence and to disregard any statements not based on evidence. The trial court also instructed the jury that evidence of a prior conviction may only be considered for weighing defendant's credibility as a witness.

¶ 13 After deliberations, the jury convicted defendant of possession of a controlled substance and the trial court sentenced him to two years' imprisonment. Defense counsel requested credit for time spent in custody and at least half a day of credit for every day defendant reported to the Cook County sheriff's day reporting program. The judge awarded defendant credit for the 131 days he spent in actual custody, but not for days when he reported to the day reporting program.

¶ 14                                                              ANALYSIS

¶ 15                                              I. Prior Felony Conviction

¶ 16 On appeal, defendant first contends that the trial court abused its discretion when it allowed his prior conviction as impeachment evidence, over his objection, because the danger of unfair prejudice substantially outweighed the probative value. We disagree.

¶ 17 A trial court's decision to enter a defendant's prior conviction into evidence for purposes of impeachment will not be disturbed absent an abuse of discretion. *People v. Sykes*, 341 Ill. App. 3d 950, 976-77 (2003). When deciding whether to admit a prior felony conviction into evidence, the trial court must balance whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *People v. Montgomery*, 47 Ill. 2d 510, 516 (1971). The trial court is not required to specify and evaluate the factors used in the balancing test on the record as long as it actually applies the test. *People v. Washington*, 55 Ill. 2d 521, 523-24 (1973).

¶ 18 We are unpersuaded by defendant's argument that the trial court abused its discretion when it failed to properly consider the prejudicial effect of the conviction. A trial court abuses its discretion when it acts arbitrarily, without employing conscientious judgment, or exceeds the bounds of reason and ignores recognized principles of law resulting in a substantial prejudice to defendant. *People v. Lozano*, 316 Ill. App. 3d 505, 514 (2000). After it heard arguments from defendant and the State on three separate occasions, the trial court referenced case law used to make its decision, and, even though not required to do so, noted several of the factors used to make its decision. See *Washington*, 55 Ill. 2d at 524. The trial court also admonished the jury that the prior conviction could only be considered for

-4-

impeachment purposes, thereby limiting any prejudicial effect of the conviction. See *People v. Atkinson*, 186 Ill. 2d 450, 463 (1999). Although there was the potential for prejudice because the prior offense was similar to the charged offense, the possession of a controlled substance was, as the State argued, probative of defendant's credibility because mere possession of a controlled substance involves "dishonest evasiveness." See *People v. Walker*, 157 Ill. App. 3d 133, 137 (1987). The trial court heard defendant's testimony and was in a better position to judge the probative and prejudicial aspects of the proposed impeachment. See *Atkinson*, 186 Ill. 2d at 462. Our review of the record demonstrates that the court applied conscientious judgment and did not act arbitrarily when it decided to allow defendant's conviction into evidence for impeachment purposes. Accordingly, we cannot find that the trial court abused its discretion when it admitted the impeachment evidence.

¶ 19                                II. Improper Prosecutorial Remarks

¶ 20    Defendant next contends his conviction must be reversed because the prosecutor made improper and prejudicial remarks during closing arguments by arguing facts not in evidence and unduly inflaming the passions of the jury. We disagree.

¶ 21    Where a defendant challenges the propriety of the State's closing arguments, we must consider the arguments in their entirety (*People v. Williams*, 192 Ill. 2d 548, 573 (2000)), and view them in context (*People v. Armstrong*, 183 Ill. 2d 130, 146 (1998)). The State is afforded wide latitude in closing argument and may argue facts and reasonable inferences from the evidence. *Williams*, 192 Ill. 2d at 573. Even improper prosecutorial comments do not merit reversal unless they result in substantial prejudice to defendant, *i.e.*, the result of the trial would have been different absent the complained-of remark. *Williams*, 192 Ill. 2d at 573.

¶ 22    Defendant concedes he failed to properly preserve the issue he now challenges by failing to object at trial or in a posttrial motion, but urges our review under the plain error exception as the prosecutor's comments were egregious and the evidence at trial was closely balanced. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Before we conduct a plain error review, we must first determine whether an error occurred. If we find no error in the prosecutor's comments, it necessarily follows that the comments cannot amount to plain error. *People v. Green*, 225 Ill. 2d 612, 622 (2007).

¶ 23    Defendant argues that the prosecutor sought to arouse the passions of the jury and relied on evidence not presented when the prosecutor argued that defendant was selling drugs as though he were at Jewel or Dominick's, feeding people's addictions, and making people do "crazy things." We will find error when the prosecutor's characterization of events has the sole effect of inflaming the passion or arousing the prejudice of the jury against defendant, without throwing any light on the question for decision. *People v. Smith*, 141 Ill. 2d 40, 60 (1990). The prosecutor's references to a grocery store related directly back to a police officer's testimony and were also referenced in defense counsel's closing argument. Therefore, these remarks were, in fact, based on evidence.

¶ 24    After reviewing the prosecutor's comments in their entirety and in their appropriate context, we do not find the comments regarding defendant feeding people's addictions or making people do crazy things served merely to arouse the jury's passions. We must consider the comments' relationship to the evidence and the overall effect on the defendant's right to a fair and impartial trial. *People v. Chavez*, 327 Ill. App. 3d 18, 29 (2001). When taken in context of the prosecutor's entire closing argument, the comments were inferred from the evidence and did not serve solely to inflame the passions of the jury. Therefore, we find no error in the prosecutor's comments.

¶ 25    In reaching our conclusion, we considered the conduct of the prosecutor in light of the cases defendant cited in support of his argument. *People v. Fluker*, 318 Ill. App. 3d 193 (2000) (cumulative effect of prosecutor's pervasive comments during closing argument regarding the defendant's inability to present an alibi witness constituted material factor in conviction where jury had a close credibility determination); *People v. Terry*, 312 Ill. App. 3d 984 (2000) (prosecutor repeatedly argued during closing argument that defendant was a gang member and drug dealer when no such evidence was introduced at trial); *People v. Johnson*, 208 Ill. 2d 53 (2003) (prosecutor repeatedly referred to the defendant as an "animal" and "evil," causing jury to render a decision based in emotion and not careful deliberation). We find that the prosecutor's conduct here was within the latitude granted for prosecutorial comment on evidence during a closing argument. It did not approach the level of prosecutorial misconduct found in defendant's cited cases.

¶ 26                              III. Credit for Time Served

¶ 27    Defendant's third contention is that he is entitled to additional credit for time served for the days when he reported to the Cook County sheriff's day reporting program. The State responds that the issue is moot because he has already served his sentence of imprisonment and statutorily imposed mandatory supervised release.

¶ 28    A defendant released from imprisonment but still subject to a term of mandatory supervised release has not yet served his entire sentence and may challenge the sentence; however, a challenge to the validity of an imposed sentence becomes moot once the entire sentence has been served. *People v. Lieberman*, 332 Ill. App. 3d 193, 195 (2002).

¶ 29    Defendant correctly argues that time spent in the sheriff's day reporting program constitutes time spent in custody for purposes of calculating presentencing credit. *People v. Beachem*, 229 Ill. 2d 237 (2008). However, the State represents in its brief that defendant's term of mandatory supervised release expired shortly after he filed his opening brief in this appeal. Defendant does not dispute this factual assertion in his reply brief, filed after the date when his mandatory supervised release purportedly expired. Moreover, the State's representation finds support in the relevant sentencing statutes. Defendant received a two-year sentence on November 10, 2005; was eligible for "day for day" good-conduct credit (730 ILCS 5/3-6-3(a)(2.1) (West 2008)); and his term of mandatory supervised release was one year (730 ILCS 5/5-8-1(d)(3) (West 2008)). More than adequate time has elapsed in the

seven years since defendant was sentenced for him to have completed his sentence as asserted by the State. Accordingly, this issue is moot. See *Lieberman*, 332 Ill. App. 3d at 195.

¶ 30                                    IV. Issues Raised in Petition for Rehearing

¶ 31                                    A. Ineffective Assistance Of Counsel

¶ 32    Defendant contends his appellate counsel provided ineffective assistance by failing to challenge the trial court's refusal to rule on the motion *in limine* before defendant testified at trial.

¶ 33    Defendant claims his appellate counsel should have argued on appeal that the trial court's refusal to rule on the motion *in limine* caused defendant to be unable to formulate his defense by not knowing what the trial court's ruling would be and, therefore, hindered his right to knowingly exercise his right to testify and his due process right to the guiding hand of counsel. See *People v. Patrick*, 233 Ill. 2d 62, 69-70 (2009).

¶ 34    In order to prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) his attorney's actions constituted errors so serious as to fall below an objective standard of reasonableness, and that, without those errors, there was a reasonable probability his trial would have resulted in a different outcome; and (2) counsel's deficient performance prejudiced the defense. *People v. Ward*, 371 Ill. App. 3d 382, 434 (2007); *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).

¶ 35    Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 446 U.S. at 689. Mistakes in strategy or tactics alone do not normally amount to ineffective assistance of counsel nor does the fact that another attorney may have handled things differently. *Ward*, 371 Ill. App. 3d at 434.

¶ 36    Because a defendant's failure to satisfy either prong of the *Strickland* test will defeat an ineffective assistance of counsel claim, we are not required to "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Accordingly, we need not determine whether counsel's performance was actually deficient if we determine defendant suffered no prejudice as a result of counsel's alleged deficiencies. *People v. Edwards*, 195 Ill. 2d 142, 163 (2001).

¶ 37    Defendant's claim of ineffective assistance of appellate counsel is largely based on appellate counsel's failure to raise the motion *in limine* issue of *Patrick* in defendant's direct appeal. *Patrick* is a consolidation of two appeals, including *People v. Patrick*, No. 1-04-1895 (Dec. 29, 2006) (unpublished order under Supreme Court Rule 23), and *People v. Phillips*, 371 Ill. App. 3d 948 (2007).

¶ 38    The central issue in *Patrick* and *Phillips* was whether a trial court may defer ruling on a motion *in limine* to exclude a defendant's prior convictions from use as impeachment until after a defendant's testimony. *Patrick*, 233 Ill. 2d at 65. The Illinois Supreme Court held that

"in most cases," a trial court's failure to rule on a motion *in limine* on the admissibility of prior convictions when it had sufficient information to make a ruling constitutes an abuse of discretion. *Patrick*, 233 Ill. 2d at 73. *Patrick* acknowledged that in certain cases, the trial court will not possess all the information needed to decide a motion *in limine* and those cases are an exception to the rule. *Patrick*, 233 Ill. 2d at 73.

¶ 39    As a result, we need to conduct a *Patrick* error analysis to determine whether this case is an exception to the rule in *Patrick*. If there is no *Patrick* error in this case, then appellate counsel could not have been ineffective for not raising the issue on direct appeal.

¶ 40    In *Patrick*, the trial court summarily refused to consider the admissibility of any of defendant's prior convictions, offering no justification for delaying its ruling on the motion *in limine*. The trial court in *Patrick* stated that its procedure in every case, without exception, was not to give advisory opinions. *Patrick*, 233 Ill. 2d at 74.

¶ 41    In this case, there is nothing in the record that would indicate that the trial court had a blanket policy, as in *Patrick*, to not give advisory opinions.

¶ 42    In formulating a decision on the admissibility of prior convictions, *Patrick* instructs trial courts to use the *Montgomery* balancing test. *Patrick*, 233 Ill. 2d at 68 (citing *People v. Montgomery*, 47 Ill. 2d 510, 517 (1971)).

¶ 43    Pursuant to *Montgomery*, evidence of a witness's prior conviction is admissible to attack the witness's credibility when: (1) the prior crime was punishable by death or imprisonment in excess of one year or involved dishonesty or false statements, regardless of punishment; (2) less than 10 years has elapsed since the date of conviction of the prior crime or release of the witness from confinement, whichever is later; and (3) the probative value of admitting the prior conviction outweighs the danger of unfair prejudice. *Patrick*, 233 Ill. 2d at 69 (citing *Montgomery*, 47 Ill. 2d at 516-17).

¶ 44    In our original order, we noted the trial court applied the *Montgomery* balancing test and we determined defendant's prior conviction for possession of a controlled substance was probative of defendant's credibility because the mere possession of a controlled substance involves "dishonest evasiveness."

¶ 45    In our original order, however, we were not privy to the ruling in *Patrick* because it had not yet been decided. *Patrick* brings the trial court's delay in ruling on the motion *in limine* into the realm of error because once a *Montgomery* balancing test has been completed, *Patrick* instructs that the trial court must articulate a sufficient basis to support a delay in ruling on a motion *in limine* on the admissibility of prior convictions. *Patrick*, 233 Ill. 2d at 73.

¶ 46    Here, the trial court did not offer a sufficient basis to support a delay in ruling on the motion *in limine* other than stating it had a right to do so.

¶ 47    *Patrick* instructs that exceptions to its rule occur when the trial court cannot effectively conduct a *Montgomery* balancing test without hearing the defendant's testimony. There is nothing in the record here to support the notion that the trial court could not effectively

conduct the *Montgomery* balancing test without hearing the defendant's testimony. *Patrick*, 233 Ill. 2d at 73.

¶ 48    Thus, pursuant to *Patrick*, the trial court here erred in delaying its ruling on the motion *in limine.* However, such an error may be harmless. See *People v. Mullins*, 242 Ill. 2d 1, 23 (2011) ("when a trial court errs by delaying a ruling on a defendant's motion *in limine* to exclude prior convictions for impeachment until after the defendant testifies, and *** defendant does in fact testify, that error does not automatically warrant reversal").

¶ 49    An error is harmless if the result would have been the same absent the error. *People v. Melchor*, 376 Ill. App. 3d 444, 457 (2007). *Mullins* identified three factors to consider when determining whether delaying a ruling on a motion *in limine* to exclude prior convictions constitutes plain error: (1) defendant's need to testify, (2) whether the parties mentioned defendant's prior conviction in argument, and (3) the strength of the evidence against defendant. *Mullins*, 242 Ill. 2d at 23-25.

¶ 50    Although *Mullins* addressed it last, we find that the strength of the evidence is the most important factor to consider. Here, the evidence was overwhelming. As the State notes, a police officer testified he was at a surveillance spot across the street from the scene when he saw defendant engage in hand-to-hand transactions with individuals standing in line "a couple of feet apart as waiting in a line at a supermarket."

¶ 51    The officer testified he was 125 feet away from defendant and saw him hand each person in line an object out of a clear plastic bag. The officer said he saw people hand defendant United States currency. The officer said defendant had a distinctive shirt and hairstyle of long braids.

¶ 52    The officer testified he informed his partners via police radio that defendant had just engaged in drug transactions and gave a description of defendant. The officer said that as police cars approached, individuals in the area began yelling "police are coming." The officer saw defendant go to a fence and stuff an item into the fence. The officer watched as another officer detained defendant and positively identified defendant as the person to hold. The officer said that he told his partners to check the fence, where they found 26 bags containing heroin. As a result, we find that the evidence of defendant's guilt was overwhelming.

¶ 53    Second, we note that the parties did not mention defendant's conviction while addressing the jury. Defendant argues that "by arguing that [defendant] was in the 'business' of selling drugs and depicting him as the local drug dealer, the State implicitly referred to Melton's prior conviction for possession of a controlled substance." We disagree. The State's "business" comment and the remainder of its closing argument were clearly nothing more than commentary on the facts presented against defendant at trial. The evidence showed that defendant had his buyers lined up on the street waiting to buy his illicit goods like they were at a grocery store. There is nothing explicit or implicit in the State's comments that references the prior conviction. Therefore, we find that this factor weighs in favor of a finding of harmless error.

¶ 54    Finally, we must address the issue of defendant's need to testify. The supreme court's

pronouncements on this issue in *Mullins* were less than unanimous and the parties disagree about whether this factor should weigh for or against the State's contention that the error was harmless. However, we need not decide that issue in this case. Even if we were to accept defendant's position that the error was more serious because he had alternative methods of presenting his defense, we cannot conclude that this factor was significant enough to defeat the State's claim of harmless error. In light of the overwhelming evidence and the lack of mention of the prior convictions by the State, we conclude that the error was harmless regardless of how the final *Mullin*s factor is weighed.

¶ 55 While we note that the trial court's error may have dampened defendant's credibility with the jury, the overwhelming evidence provided by police testimony rendered the error harmless because it is evident the result would have been the same even absent the error. See *Melchor*, 376 Ill. App. 3d at 457.

¶ 56 Because we find the trial court's error in reserving its ruling on the motion *in limine* was harmless, we cannot say defendant was prejudiced by appellate counsel's failure to raise the *Patrick* claim on appeal. See *Ward*, 371 Ill. App. 3d 382; *Strickland*, 466 U.S. at 687-94.

¶ 57 B. No Abuse of Discretion by the Trial Court

¶ 58 Motions *in limine* are designed to produce a trial without the introduction of prejudicial material. *Konieczny v. Kamin Builders, Inc.*, 304 Ill. App. 3d 131, 136 (1999). A trial court's decision on a motion *in limine* will not be disturbed absent an abuse of discretion. *Hallowell v. University of Chicago Hospital*, 334 Ill. App. 3d 206, 210 (2002).

¶ 59 Defendant has asked us to consider the issue of whether the trial court abused its discretion when it reserved ruling on the motion *in limine* until after defendant testified. The State counters that because defendant did not properly raise the issue on appeal, the claim is waived.

¶ 60 Supreme Court Rule 341(h)(7) provides, in part, "[Appellate briefs] shall contain the contentions of the appellant and reasons therefor ***. *** Points not argued are waived ***." Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008).

¶ 61 Even if an issue is waived, we may still review the issue under the plain error doctrine. A reviewing court may consider unpreserved error when: (1) a clear or obvious error occurs, and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error; or (2) a clear or obvious error occurs and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Walker*, 392 Ill. App. 3d 277, 286, (2009). However, in order to find plain error, this court must first find that the trial court committed some error. *People v. Rodriguez*, 387 Ill. App. 3d 812, 821 (2008).

¶ 62 As previously discussed, the trial court erred in reserving ruling on the motion *in limine* pursuant to *Patrick*. However, we cannot say the trial court's error tipped the scales of justice

here because, as discussed above, the evidence presented against defendant was overwhelming and the State did not mention the prior convictions when addressing the jury. We are not persuaded that the trial court's error affected the fairness of defendant's trial or challenged the integrity of the judicial process.

¶ 63    Because the evidence against defendant was overwhelming, we find the trial court's error in reserving ruling on the motion *in limine* did not fall under the plain error exception to Supreme Court Rule 341(h)(7).

¶ 64                                                          CONCLUSION

¶ 65    We affirm the trial court's decision.

¶ 66    Affirmed.