**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190775-U

Order filed August 5, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0775 Circuit No. 18-DT-156 |
| CAROL L. GUSTAFSON, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Kenneth L. Zelazo, Judge, Presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The court did not err in denying defendant's motion to suppress evidence.

¶ 2        Defendant, Carol L. Gustafson, appeals from her conviction of driving while under the

influence (DUI). She contends that the Will County circuit court erroneously denied her motion

to suppress evidence where (1) the officer lacked reasonable articulable suspicion to justify the

stop, and (2) the court considered in its ruling video evidence not previously submitted at the

hearing on defendant's motion to suppress. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant with DUI (625 ILCS 5/11-501(a)(2) (West 2016)).

Defendant filed a motion to suppress evidence alleging that the officer did not have reasonable

articulable suspicion to effectuate a stop of defendant's vehicle.

¶ 5          At the hearing on defendant's motion, Deputy Anthony Hofer, of the Will County

Sheriff's Department, testified that on February 10, 2018, at approximately 9:15 p.m., he

received a dispatch that an anonymous caller had reported a vehicle driving recklessly. The caller

observed the vehicle in Frankfort, driving "westbound on the very west end of the county." The

vehicle swerved in its lane and crossed over the line. The caller described the vehicle as a silver

Toyota and gave its license plate number. Hofer located a vehicle matching the description and

license plate number provided by the caller in New Lenox. Hofer followed the vehicle for

approximately a half-mile. According to Hofer, the vehicle swerved within its lane and touched

the centerline on at least two occasions. Hofer initiated a stop on the vehicle. Evidence

subsequently presented by the State established that defendant was the driver of the vehicle.

¶ 6          Defendant entered the squad car video into evidence and played a portion of it for the

court.[1] The played clip ended when Hofer turned on his emergency lights.

¶ 7          Initially, the court granted defendant's motion to suppress. The State made an oral motion

to reconsider, and following arguments, the court vacated its prior ruling on defendant's motion

and granted the State's motion to reconsider. The court acknowledged that when it reached a

decision on the State's motion to reconsider, it reviewed the squad car video evidence beyond

what defendant played for the court during the motion to suppress hearing. In its written order,

the court observed: (1) the anonymous caller provided a sufficiently reliable tip, which Hofer

_____

          [1]On appeal, defendant did not supplement the record with the squad car video.

2

properly corroborated prior to stopping defendant's vehicle; and (2) although the court did not observe defendant weaving within her lane, as Hofer had testified, the court observed defendant fail to respond to Hofer's emergency lights and continue driving. The court ruled Hofer had reasonable suspicion to stop defendant's vehicle based on the information from the anonymous caller and independent probable cause to arrest defendant for failing to yield to his emergency lights. Defendant filed a motion to reconsider, which alleged that the officer did not sufficiently corroborate the anonymous tip and the court improperly viewed and relied on squad video beyond the scope of the hearing. The court denied defendant's motion.

¶ 8    The case proceeded to a bench trial, where the court found defendant guilty of DUI. The court sentenced defendant to court supervision. Defendant filed a motion for a new trial and alleged that the court improperly viewed evidence that was not admitted at the suppression hearing to reach its findings. The court denied defendant's motion. Defendant appeals.

¶ 9    II. ANALYSIS

¶ 10    First, defendant argues that the circuit court erred in denying her motion to suppress evidence because Hofer failed to sufficiently corroborate the anonymous tip, and thus did not have reasonable suspicion to effectuate a stop of defendant's vehicle. Defendant also argues that the officer lacked independent reasonable suspicion to authorize a stop of defendant's vehicle. Second, defendant argues the court impermissibly considered in its ruling video evidence beyond the clip that defense counsel introduced during the suppression hearing.

¶ 11    When reviewing a circuit court's ruling on a motion to suppress evidence, we apply a two-part standard. *People v. Grant*, 2013 IL 112734, ¶ 12. We will uphold the court's factual findings unless they are against the manifest weight of the evidence. *People v. Luedemann*, 222

Ill. 2d 530, 542 (2006). We review the legal question of whether suppression of evidence is warranted *de novo*. *Id.*

¶ 12    Citizens are protected from unreasonable searches and seizures under the federal and state constitutions. U.S. Const., amend. IV; Ill. Const. 1970, art I, § 6. Vehicle stops are subject to the fourth amendment's reasonableness requirement and are analyzed under the principles set forth in *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). A police officer may conduct a brief investigatory traffic stop when the officer has reasonable articulable suspicion to believe "that the person has committed, or is about to, commit a crime." *People v. Close*, 238 Ill. 2d 497, 505 (2010). Whether an officer has reasonable suspicion to justify a *Terry* stop depends on " 'both the content of information possessed by police and its degree of reliability.' " *Navarette v. California*, 572 U.S. 393, 397 (2014) (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)). "A tip from an anonymous person may supply the requisite quantum of suspicion to conduct a *Terry* stop, provided the information bears some indicia of reliability." *People v. Henderson*, 2013 IL 114040, ¶ 26.

¶ 13    To determine the reliability of an anonymous tip, a court may consider a number of factors, including:

> "(1) whether the tip provides a sufficient quantity of information so that the officer may be certain that the stopped individual is the one the tipster identified; (2) the time interval between the officer receiving the tip and locating the suspect; (3) whether the tip is based upon contemporaneous eyewitness observations; (4) whether the tip is sufficiently detailed to permit the reasonable inference that the tipster has actually witnessed a crime; and (5) whether the tip was made to a police emergency number. " *People v. Eyler*, 2019 IL App (4th) 170064, ¶ 30.

" 'A tip providing predictive information and readily observable details will be deemed more reliable if these details are confirmed or corroborated by the police.' " *Id.* (quoting *People v. Sanders*, 2013 IL App (1st) 102696, ¶ 15).

¶ 14    In the present case, Hofer's observations sufficiently corroborated the anonymous tip to justify a *Terry* stop of defendant's vehicle. Hofer received a report of a reckless driver and a detailed description of the vehicle. The anonymous caller provided to the dispatcher the make and color of the vehicle, license plate number, and the vehicle's general location and direction of travel. Moreover, the tip provided predictive information where it gave the location and direction of travel, and Hofer located the vehicle in New Lenox, a village west of Frankfort, after following the information from the tip. *Id.*; see *People v. Deleon*, 227 Ill. 2d 322, 326 n.1 (2008) (a court may take judicial notice of geographical locations). Finally, Hoffer reasonably inferred that the report relayed by dispatch originated from a police emergency number. See *Eyler*, 2019 IL App (4th) 170064, ¶ 35 (the court concluded that a report that the officer received from dispatch originated from a call made to an emergency number). Together, these facts provided Hoffer with reasonable suspicion to stop the silver Toyota, driven by defendant, to investigate whether defendant had committed the offense of reckless driving. See (625 ILCS 5/11-503 (West 2018)). Because Hofer had reasonable suspicion based on the caller's reckless driving tip, we need not determine whether Hofer possessed independent reasonable suspicion required to effectuate a stop. See *People v. Johnson*, 208 Ill. 2d 118, 129 (2003) (reviewing court may affirm for any reason stated in the record).

¶ 15    Our finding has also rendered analysis of defendant's argument that the court improperly considered evidence outside the scope of the hearing—the portion of the video recording that the defense did not introduce into evidence—unnecessary because Hofer's stop was independently

5

supported by the reasonable suspicion derived from the caller's tip. Therefore, at most, any error would be harmless. See *People v. Melton*, 2013 IL App (1st) 060039, ¶ 49 (an error is harmless where the result of the proceeding would have been the same without the error).

¶ 16                                    III. CONCLUSION

¶ 17          The judgment of the circuit court of Will County is affirmed.

¶ 18          Affirmed.